# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 2, 2010

Lyle W. Cayce
Clerk

No. 09-30990
Summary Calendar

JENNIFER DUPRE; DOUGLAS DUPRE,

Plaintiffs-Appellees,

versus

EMPLOYEE BENEFIT SERVICES OF LOUISIANA, INC.;
MANAGEMENT SEVEN, LLC,

Defendants-Appellants.

Appeal from the United States District Court
for the Western District of Louisiana
No. 2:07-CV-1552

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Defendants Employee Benefit Services of Louisiana, Inc. ("EBS"), and

Management Seven, LLC ("Management Seven"), appeal a summary judgment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

in favor of plaintiffs Jennifer Dupre ("Dupre") and her husband, Douglas Dupre, and the denial of summary judgment to defendants. Concluding that the judgment has no basis in law or fact and that there was no abuse of discretion by the administrator, we reverse and render judgment for defendants.

## I.

Dupre sought to have gastric bypass surgery, known as ROUX-En-Y, under the self-funded ERISA plan offered by her husband's employer. Dupre is classified as morbidly obese. At the time she requested the surgery, she suffered from myriad dysfunctions and diseases, including depression, sleep disturbances, sleep apnea, dysfunctional uterine bleeding, urinary stress incontinence, osteoarthritis, gastroesophageal reflux disease ("GERD"), and hypertension.

Management Seven is the sponsor and plan administrator, EBS is the third-party administrator, and American Health Holdings ("AHH") was hired by Management Seven to provide medical review services before a claimant's receiving care. Dupre's request for gastric bypass surgery was initially denied by AHH as medically unnecessary. Upon appeal of that determination, however, AHH reversed its opinion and pre-certified the procedure. Importantly, in the pre-certification letter, AHH stated, "This review is limited to medical necessity. Accordingly, this determination does not guarantee payment of charges. Payment of benefits will be subject to all of your health plan's conditions, limitations, and exclusions affecting coverage . . . ."

The pre-certification letter and Dupre's two doctors' opinions were sent to EBS for determination of coverage. One of her physicians, Dr. Bergstedt, wrote, "In my opinion, this is . . . a logical next step for the patient, as she has exhausted all other methods of weight loss with no sustained success." Her other physician, Dr. Shimer, wrote, "In my opinion, she would clearly benefit from the Roux-ENY bypass for surgical weight loss." Dupre's doctors also mentioned her

No. 09-30990

other ailments, and Bergstedt opined that the weight-loss surgery would alleviate some of those ailments. Shimer made no similar claims.

The ERISA plan at issue explicitly grants the administrator authority to interpret the plan.[1] Upon receiving the request for coverage and the two medical opinions, the administrator refused payment for the surgery because it is excluded under Article VII, Paragraph 7.01 (MM) of the plan, which disallows coverage for "obesity, or in connection with obesity, weight reduction, or dietetic control."

## II.

The Dupres sued Management Seven, Douglas Dupre's employer, EBS, and AHH (later voluntarily dismissed by plaintiffs). EBS and MGMT moved for summary judgment, seeking to dismiss all claims. The district court denied the motion and ordered that all benefits requested by Dupre were to be provided immediately.

The Dupres moved for summary judgment, seeking a declaration that the gastric bypass surgery is covered by the plan. Dupre also sought attorneys' fees and costs. The district court granted summary judgment to the Dupres, allowing coverage of the surgery, penalties under ERISA, and damages caused by the denial of benefits. Over the next few months, the parties filed various motions. Eventually, the district court denied defendants' motion to dismiss, mooted defendants' motion to stay, granted the Dupres' motion for entry of judgment, and denied their motion for attorneys' fees.

---

[1] "The plan administrator shall have full discretionary authority to interpret this plan and its provisions and regulations with regard to eligibility, benefit determination, and general administrative matters. The Plan Administrator's decision shall be binding on all Plan Participants and conclusive as to all questions of coverage under this Plan." Article XV, Section 15.01, Discretionary Authority of the Plan. [Doc. 24-3, R. 175].

No. 09-30990

### III.

### A.

We review a summary judgment *de novo.  Wade v. Hewlett-Packard Dev. Co.*, 493 F.3d 533, 537 (5th Cir. 2007).  The court's role at the summary judgment stage is to determine only whether a genuine issue exists for trial and whether the movant is entitled to judgment as a matter of law. *Plyant v. Hartford Life & Accident Ins. Co.*, 497 F.3d 536 (5th Cir. 2007) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  A genuine issue of material fact exists if evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*

Where a plan expressly confers discretion on the administrator to construe the plan's terms, the decision of the administrator is reviewed for abuse of discretion. *Wade* 493 F.3d at 537.  We employ a two-step process to assess the administrator's decision. *Plyant*, 497 F.3d at 536.  "In determining whether a ERISA plan administrator abused its discretion in construing plan terms, a court first determines the legally correct interpretation of the plan and whether the administrator's interpretation accords with that interpretation." *Id.*  "If a court concludes that a ERISA plan administrator has not given the plan the legally correct interpretation, it then determines whether the administrator's interpretation constitutes an abuse of discretion." *Id.*  "A substantial factor in determining whether the ERISA plan administrator's interpretation is a legally correct interpretation is whether the interpretation is fair and reasonable." *Id.*  If an administrator's decision is supported by substantial evidence, the court must affirm that decision. *Id.* at 539 (citing *Ellis v. Liberty Life Assurance Co.*, 394 F.3d 262, 273 (5th Cir.2004)).  Substantial evidence is evidence that a reasonable mind might accept as sufficient to support the conclusion. *Wade*, 493 F.3d at 541.

No. 09-30990

B.

As we have said, the administrator based his decision on Article VII, Section 7.01 MM of the plan, which says that "[n]o benefits are provided under this plan for expenses incurred for or in connection with: . . . [o]besity, or in connection with obesity, weight reduction, or dietetic control." The plain language of the plan, therefore, shows that the administrator may deny benefits for a surgery connected to weight loss.

Dupre cites *Hansen v. Actuarial & Employee Benefit Services Co.,* 395 F. Supp. 2d 881 (D.S.D. 2005), to support her argument that the district court's decision to overrule the plan administrator was correct. *Hansen*, however, is easily distinguished. There the administrator blatantly misrepresented the medical facts in order to find an exclusion. In an attempt to exclude the requested gastric bypass surgery, the administrator claimed that the plaintiff had failed to seek less invasive treatments. That claim was contradicted by the record, which the administrator either failed to review or chose to misrepresent. The court found that the administrator's decision was arbitrary and capricious and stated that "[i]n making its decision, the administrator completely failed to evaluate the facts to determine whether the treatment was excluded under the Plan." *Hansen* 395 F. Supp. 2d at 890-91. Therefore, substantial evidence did not support that administrator's decision.

Despite the fact that both involve gastric bypass surgery, the instant case bears little resemblance to *Hansen*. Here, the administrator evaluated the facts in both physicians' letters and concluded that the surgery was not a last resort for treating GERD or some other disorder. Instead, he found that it was designed to help Dupre lose weight. More importantly, unlike the situation in *Hansen*, there is no evidence of blatant misrepresentation.

The district court erred in substituting its own judgment for that of the administrator. A reasonable interpretation of the plan, as the district court stated,

No. 09-30990

could find that gastric bypass surgery is not connected to obesity, weight reduction, or dietetic control. The *administrator's* reasonable interpretation of the plan, however, found that gastric bypass surgery is connected to obesity and weight reduction. We defer to the administrator's judgment. *Wade* 493 F.3d at 541; *Ellis* 394 F.3d at 273. He made his determination after considering all the relevant evidence, including the two letters provided by the physicians. We uphold an administrator's decision if it is sufficiently supported by evidence. *Plyant*, 497 F.3d at 539.

We need not address the potential conflict of interest urged by Dupre. As the defendants point out, that matter was not raised in the district court. Issues presented for the first time on appeal are waived.[2]

The judgment in favor of the Dupres is REVERSED, and judgment is RENDERED in favor of the defendants.

---

[2] *See*, *e.g.*, *Tex. Commercial Energy v. TXU Energy, Inc.*, 413 F.3d 503, 510 (5th Cir. 2005) (stating that arguments not raised in district court are waived").